IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ALICE DAVIS                                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:19-CV-41-DAS

COMMISSIONER OF SOCIAL SECURITY                                     DEFENDANT

**MEMORANDUM OPINION**

The Commissioner of Social Security seeks summary dismissal of Alice Davis' complaint appealing the Commissioner's denial of Social Security benefits. The defendant argues the plaintiff failed to timely file her complaint. In response, she argues that she attempted to file her complaint within the period of limitations by mail, and the attempt failed because, unbeknownst to her, the court had relocated. She claims her complaint was returned to her instead of being forwarded to the new address for filing. She argues her later complaint should therefore be accepted as timely filed, or that the court should equitably toll her statute of limitations.

The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having duly considered the submissions of the parties, and the applicable law, the court for the reasons set forth below finds that the complaint was not timely filed and that equitable tolling of the statute of limitations is not appropriate in this case.

**FACTUAL BACKGROUND**

By statute a plaintiff is provided with sixty days from the receipt of the Appeals Council decision in which to file an appeal with the appropriate federal court. 42 U.S.C. § 405 (g). By regulation, it is presumed the Commissioner's decision will be received within five days of its

1

date. 20 C.F.R. § 422.210. The plaintiff does not deny she received the notice within this presumed time.

The sixty-fifth day after the date of Davis' notice fell on February 3, 2019, a Sunday. Her deadline was, therefore, extended one day to February 4, 2019. Davis has attached a copy of an envelope in support of her response which shows she mailed something to the clerk of the court on or about its January 28, 2019 postmark. The envelope is addressed to the court at its normal Aberdeen, Mississippi address. Because of a serious mold problem that made continued habitation unhealthy, the court had, approximately one year earlier, vacated its courthouse and by the time of this correspondence was housed in a conference center in Amory. The envelope has a stamp on it indicating that the clerk's office received it on February 5, 2018, though there is no dispute that the date should show 2019, one day past Davis' deadline. The envelope also shows a hand-written note indicating "Sent back on 25-19." Davis has not submitted an affidavit authenticating this envelope or offering any other proof in opposition to the motion for summary judgment. The court has been provided with no proof of what may have been in the envelope with the January 29th postmark.

The plaintiff, who was representing herself at the time, ultimately filed her complaint on the court's forms for *pro se* Social Security appeals. She signed and dated the complaint on February 14, 2019, ten days late. The clerk's office did not receive the complaint until February 27, 2019, twenty-three days after the expiration of the time to file. She did not request an extension of time from the Social Security Administration for the filing of the appeal.

The court's docket includes a copy of the envelope in which it received the filed complaint. The handwriting on the envelope looks like the handwriting on the envelope attached to the plaintiff's response. It has the clerk's office stamp indicating that it was received on February

2

27th.  Like the one submitted by the plaintiff, the stamp on this envelope erroneously states the year to be 2018.  It has no visible post mark.

**ANALYSIS**

**The "Mailbox" Rule**

Based on the January 28, 2019 envelope attached to her response, Davis argues that she attempted to file her complaint by mailing it to the court and that the complaint she later filed should, therefore, be accepted as timely filed.  She claims to have tried to file a complaint by depositing it in the U. S. mails on that date, sufficiently in advance of the expiration of the statute of limitations.  She argues that having mailed her complaint to the court on that date, with sufficient time for the complaint to reach the court, that her action should be deemed timely filed, arguing for a "mailbox" rule for the filing.

As the defendant points out, there is no general "mailbox" rule for filing in federal courts. Depositing a complaint in the mail to the federal courts does not effectuate a filing as of the date of mailing.  Instead a document can only be filed by actual delivery to the clerk of the court or by delivery to a judge willing to accept the filing.  Fed. R. Civ. P. 5(d)(2).   That the Commissioner applies a "mailbox" rule for documents sent to it, does not alter the fact that this action was not commenced, and the complaint was not actually filed until February 27, twenty-three days later. Consequently, the court cannot find that the complaint was timely filed.

The more substantial issue is whether the period of limitations should be equitably tolled. The court must determine if the court's unplanned departure from its courthouse a year earlier had an effect on Davis' failure to file this appeal on time.

**Equitable Tolling**

The United States is immune from suit unless it consents to be sued. See *United States v. Mitchell*, 445 U.S. 535, 538 (1980). When it consents to be sued, it must be sued in accordance with the terms of its consent. *Id*. Nevertheless, the sixty–day period set forth in § 405(g) has been held to be a statute of limitation, not a jurisdictional requirement. *See Flores v. Sullivan,* 945 F.2d 109, 113 (5th Cir. 1991) (citing *Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9 (1976)); *see also Fletcher v. Apfel,* 210 F.3d 510, 513 (5th Cir.2000); *Triplett v. Heckler,* 767 F.2d 210, 211 & n. 1 (5th Cir.1985), *cert. denied,* 474 U.S. 1104, 106 (1986). The limitation embodied in § 405(g) serves as a mechanism "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York,* 476 U.S. 467, 481 (1986).

If a claimant fails to file in time or to obtain an extension of time from the Appeals Council, the courts may apply the doctrine of equitable tolling. *See Flores,* 945 F.2d at 113 (citing *Bowen,* 476 U.S. at 480). Equitable tolling may be available where the "plaintiff was prejudiced by the lack of (or untimely) notice to his attorney" or "if the Secretary violated his own regulations by failing to timely send notice to the attorney, at least if sufficient resultant prejudice were shown." *Id.* at n. 5.

Courts may toll the sixty-day period only "where the equities in favor of tolling ... are so great that deference to the agency's judgment is inappropriate." *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976).

> District courts may apply the doctrine of equitable tolling to extend the statute of limitations where the claimant (i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment. *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 484–85 (W.D.N.Y. 2015) (quoting *Sindrewicz v. Chater*, No. 96-CV-139, 1997 WL 166564, at *2 (W.D.N.Y. Jan. 30, 1997)).

The court must also consider whether Davis was diligent in pursuing her rights. As the Fifth Circuit has noted "equity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989). "[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). This relief is only sparingly granted such as where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin,* 498 U.S. 89, 95-96 (1990). The courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights...." *Id.* Thus, "it is only a rare social security case which will present equities strong enough to toll limitations." *Marse v. Dep't of Health & Human Serv.,* 999 F.2d 1579 (5th Cir. 1993).

Further weighing against the use of equitable estoppel in this case is both the notice provided to Davis and all claimants by the Social Security Administration and the availability of extensions of the sixty-day deadline, if the claimant can show good cause for one. While pro se litigants are presumed to know the law, the reality is that a lay person may have trouble discovering the applicable cases, statutes and deadlines. Social Security claimants need only read the notices provided to them by the Social Security Administration to know when and where they must file to appeal. Each claimant is advised of the sixty-day limit to file and of the five-day presumption on receipt of notice. They are told to file in the federal court. They are also told that they can apply to the Commissioner for an extension of time to file their appeal. With the information in these notices and the possibility of an extension of time to file, it is even more

difficult to show compelling circumstances that would justify equitable tolling. Like all claimants, Davis was provided with clear, detailed, written instructions on how and when to appeal. Further weighing against equitable tolling is the availability of complaint forms from the clerk's office, both online and on request. Furthermore, because Davis failed to file her complaint within time, she has the burden of demonstrating facts that justify equitable tolling. *Wilson v. Secretary, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).

In considering whether to apply equitable tolling in this case, the court first acknowledges that its hasty, unplanned evacuation of its headquarters is an extraordinary event. While new courthouses are built from time to time and courts on rare occasions relocate, this court's move was done on an emergency basis because of the health hazards present in Aberdeen courthouse. That move was abrupt and not widely publicized. Neither the court, the bar, nor the public had the type of advance notice that would attend the opening of a new courthouse. The Aberdeen division is now in its second temporary headquarters with no projected date for its return to Aberdeen. The court accepts, without hesitation, Davis' claim that she was unaware of the fact that the court has relocated.

The court notes, however, the conflict between the argument made in the plaintiff's response and what her attached envelope demonstrates. The letter is addressed to the court's former location. The plaintiff states that instead of being forwarded to the clerk's office in Amory, the letter was returned to her. She clearly has come back into possession of the envelope, but the envelope also clearly shows it was forwarded to and received by the clerk's office. While the court's received stamp does not indicate which office received the envelope, the Aberdeen division's mail has followed it, first to its temporary offices in the U.S. Bankruptcy courthouse in Aberdeen, and now to its offices in Amory, Mississippi.

6

Whatever was in the January 29 envelope was received by and opened by the clerk's office. Had that envelope contained a complaint or anything that arguably qualified as a complaint, the clerk of the court would have filed it on receipt or provided notice for rejecting it. There is no proof or argument by the plaintiff that the clerk's office rejected or failed to file a complaint. That the envelope was received but nothing filed, satisfies the court, in the absence of any proof to the contrary, that the January 2019 envelope did not contain a complaint to appeal the Social Security decision.

If the court were facing a circumstance where a complaint was mailed on January 29th and not received by the Clerk until February 5th, the court would not hesitate to apply equitable tolling to accept a filing one day late. Both the date of mailing and the additional time for the forwarding its mail due to its relocation would justify equitable tolling. But that is not what the evidence provided to the court shows.

The proof is that the plaintiff sent correspondence to the clerk on January 29, most likely seeking information, forms or other assistance. It seems likely that this correspondence resulted in provision of the forms for filing and applying for IFP status, and the plaintiff has failed to prove otherwise. Furthermore, the plaintiff was not diligent in the pursuit of her case, even after her time to file expired. There is no proof that this plaintiff's only access to the court was via U.S. mail, but even if it was, the time for mailing does not explain why she waited until February 14th before completing and signing the complaint and IFP forms. She then delayed even longer after signing the document because the forms reached the court only on February 27th. She has not offered any proof to excuse these additional delays. This plaintiff filed her complaint twenty-three days late. This court's relocation does not, on the facts presented, explain much of that delay.

7

The courts have refused equitable tolling in cases involving shorter delay and/or greater excuse. In *Marse*, 999 F.2d at 1579, the clerk of the court refused to file a timely complaint because the claimant did not have the full fee. The claimant did not have money for the full fee and did not apply for IFP status, because he erroneously believed his ownership of an unencumbered home disqualified him. He also claimed that both he and his attorney suffered from physical and mental illnesses before and after the time to file and that his attorney's mother was suffering from a terminal illness within the period of limitations. The complaint was filed one week late, and the Fifth Circuit Court of Appeals affirmed the trial court's refusal to equitably toll the limitations.

There are multiple examples demonstrating how sparingly equitable tolling is employed to save a late filing. *Smith v. Barnhart,* 338 F.Supp.2d 761 (S.D. Tex. 2004) (No equitable tolling for a complaint filed ten days late, where the plaintiff claimed the SSA gave her the wrong form); *Fisher v. Astrue*, No. 3:09CV122-MPM-DAS, 2010 WL 2106955, at *1–2 (N.D. Miss. Apr. 6, 2010), report and recommendation adopted, No. 2010 WL 2106960 (N.D. Miss. May 25, 2010) (Complaint filed five days late would not be equitably tolled, though counsel contended a two year delay by the Appeals Council made it difficult to locate the client); *ZMN by & through Woodall v. Comm'r of Soc. Sec.,* No. 4:19-CV-1-DMB-DAS, 2019 WL 5255160, at *1–2 (N.D. Miss. May 13, 2019), report and recommendation adopted sub nom. , No. 4:19-CV-1-DMB-DAS, 2019 WL 5213872 (N.D. Miss. Oct. 16, 2019)(No equitable tolling where the *pro se* plaintiff's unilateral error resulted in the complaint being filed four days late); *Malone v. Colvin*, No. 3:14cv132-SAA, 2015 WL 475953, 1t * 3(N.D. Miss., Feb. 5, 2015) (No equitable tolling where a transfer of attorneys resulted in the appeal being filed twenty-four days late); *Reed v. Berryhill*, 2018 WL 5269377(W.D. Tex. Oct. 23, 2018)(Equitable tolling inapplicable

8

where the plaintiff's complaint was filed sixteen days late); *Jackson v. Astrue*, 506 F.3d 1349 (11th Cir. 2007)(No equitable tolling was available where the claimant mistakenly filed in state court, then filed in federal court within five days of the state court's dismissal of the action and twenty-one days after the filing deadline.)

Simply stated, this is not one of those rare cases "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen,* 476 U.S. at 480.

Accordingly, the court finds the motion for summary judgment should be granted and this action dismissed. A separate judgment shall be entered.

**THIS,** the 20th day of April, 2020.

**/s/ David A. Sanders**
**U.S. MAGISTRATE JUDGE**